**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 16 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JOSE ARTEAGA-CENTENO,

     Defendant - Appellant.

No. 03-1509
(D.C. No. 03-CR-77-B)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **MURPHY** and **McCONNELL**, Circuit Judges.

In September 2003, Defendant Jose Arteaga-Centeno, an alien who previously had been deported after being convicted of an aggravated felony, pled guilty to a charge of being found in the United States in violation of 8 U.S.C. § 1326(a). The district court sentenced him, <u>inter alia</u>, to 37 months

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

imprisonment; the sentence was to run concurrently with a four-year state sentence that Defendant was then serving. Defendant now appeals. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we **AFFIRM** Defendant's conviction and sentence.

On appeal, Defendant's court-appointed attorney in the Office of the Federal Public Defender for the Districts of Colorado and Wyoming filed an Anders brief and moved to withdraw as counsel. See Anders v. California, 386 U.S. 738, 744 (1967) (allowing attorneys who believe an appeal to be frivolous to advise the court of that fact, request permission to withdraw from the case, and submit a brief citing to those portions of the record that arguably support the appeal). In the Anders brief in the case at bar, defense counsel asserts that there are no viable challenges to the validity of Defendant's guilty plea. Further, defense counsel notes that neither Defendant nor the government raised any objections to the draft Presentence Report ("PSR") or at the sentencing hearing, and that Defendant's sentence fell within the properly calculated guidelines range. Defendant was afforded an opportunity to respond to the Anders brief, but failed to do so.

We have fully examined the proceedings, as required by Anders, 386 U.S. at 744, and conclude that Defendant's appeal is wholly frivolous. Based on the record of the change of plea hearing, there are no viable challenges to the validity

of Defendant's guilty plea. The district court properly calculated Defendant's offense level and criminal history category. The sentence imposed was at the low end of the applicable guideline range—exactly as the PSR, defense counsel, and the United States recommended. The district court's sentence was neither contrary to law nor an incorrect application of the sentencing guidelines. Therefore, 18 U.S.C. § 3742(a)(1)-(4) is not implicated.

We can find no issues in this case that might properly be the subject of an appeal. Accordingly, we **GRANT** counsel's motion to withdraw and **AFFIRM** Defendant's conviction and sentence.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge